**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2302**

WENDELL E. WHYE; WILLIAM H. TROUT, Individually and on
behalf of a class of persons similarly situated,

Plaintiffs – Appellants,

v.

CONCENTRA HEALTH SERVICES, INC.,

Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Ellen L. Hollander, District Judge.
(1:12-cv-03432-ELH)

Submitted:  August 29, 2014          Decided:  September 10, 2014

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Cyril V. Smith, William K. Meyer, Adam B. Abelson, ZUCKERMAN
SPAEDER LLP, Baltimore, Maryland; Julie C. Janofsky, FEDDER &
JANOFSKY LLC, Baltimore, Maryland, for Appellants. Catherine A.
Hanrahan, David M. Ross, WILSON ELSER MOSKOWITZ EDELMAN & DICKER
LLP, Washington, D.C.; Shadonna E. Hale, WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wendell Whye and William Trout ("Plaintiffs"), individually and on behalf of a class of similarly situated individuals, filed a putative class action lawsuit in Maryland circuit court against Concentra Health Services, Inc. ("Concentra"), asserting Maryland tort claims for intrusion upon seclusion and fraud based on allegedly unlawful breath alcohol testing Concentra conducted on Plaintiffs and other class members. After Concentra removed the case to federal district court on the basis of diversity jurisdiction, the district court granted Concentra's motion to dismiss the complaint for failure to state a claim. Plaintiffs now appeal, challenging the dismissal of both claims. For the reasons that follow, we affirm.

We review de novo a district court's dismissal of a complaint for failure to state a claim. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 179-80 (4th Cir. 2009). In ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court is required to "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md., 684 F.3d 462, 467 (4th Cir. 2012) (internal quotation marks omitted). A motion to dismiss "does not resolve contests surrounding facts, the merits of a claim,

2

or the applicability of defenses." Tobey v. Jones, 706 F.3d 379, 387 (4th Cir. 2013) (internal quotation marks omitted). To survive a Rule 12(b)(6) motion, the complaint must allege sufficient facts "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). However, the court need not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement," or accept "unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks omitted).

Under Maryland law, the tort of intrusion on seclusion is defined as "[t]he intentional intrusion upon the solitude or seclusion of another or his private affairs or concerns that would be highly offensive to a reasonable person." Mitchell v. Balt. Sun Co., 883 A.2d 1008, 1022 (Md. Ct. Spec. App. 2005) (internal quotation marks omitted); see Restatement of Torts 2d, § 652B (1977). "[T]he gist of the offense is the intrusion into a private place or the invasion of a private seclusion that the plaintiff has thrown about his person or affairs." Pemberton v. Bethlehem Steel Corp., 502 A.2d 1101, 1116 (Md. Ct. Spec. App. 1986). An actionable tort requires both that "the intrusion

3

must be something which would be offensive or objectionable to a reasonable man," and that "the thing into which there is intrusion or prying must be, and be entitled to be, private." Hollander v. Lubow, 351 A.2d 421, 426 (Md. 1976) (internal quotation marks omitted) (relying on W. Prosser, The Law of Torts 807-08 (4th ed. 1971)), superseded on other grounds as stated in Hartford Ins. Co. v. Manor Inn of Bethesda, Inc., 642 A.2d 219 (Md. 1994).

Plaintiffs first assert that the district court erred in dismissing their intrusion upon seclusion claim after determining that they could neither establish a reasonable expectation of privacy in their breath, nor that the breath testing was highly offensive to a reasonable person. We have reviewed the district court's careful discussion of this issue and find no reversible error. Importantly, even accepting, without deciding, Plaintiffs' argument that they had a reasonable expectation of privacy in their breath, we conclude, for the reasons stated by the district court, that Plaintiffs cannot establish that the breath testing was highly offensive to a reasonable person as a matter of law. Thus, we conclude the district court did not err in dismissing this claim.

Turning to the fraud claim, a plaintiff must plead the circumstances constituting fraud with particularity. See Fed. R. Civ. P. 9(b). To establish a claim for fraudulent

4

misrepresentation, the plaintiff must demonstrate that (1) "the defendant made a false representation to the plaintiff," (2) the defendant knew the misrepresentation was false, or made the misrepresentation with reckless indifference to its truth or falsity, (3) the defendant made the misrepresentation "for the purpose of defrauding the plaintiff," (4) the plaintiff relied, and had a right to rely, on the misrepresentation, and (5) the plaintiff suffered compensable damages resulting from the misrepresentation. Hoffman v. Stamper, 867 A.2d 276, 292 (Md. 2005). A "false representation" is defined as "a statement, conduct, or action that intentionally misrepresents a material fact." Sass v. Andrew, 832 A.2d 247, 260 (Md. Ct. Spec. App. 2003); see also Fowler v. Benton, 185 A.2d 344, 349 (Md. 1962) (defining false representation as "anything short of a warranty which produces upon the mind a false impression conducive to action"). A fact is material if a reasonable person would rely upon it in making a decision or if the maker knows the specific recipient of the fact would likely consider it important. Gross v. Sussex Inc., 630 A.2d 1156, 1161 (Md. 1993).

"A statement that is vague and indefinite in its nature and terms cannot support a cause of action for fraud." Lasater v. Guttmann, 5 A.3d 79, 103 (Md. Ct. Spec. App. 2010) (internal quotation marks omitted). "[M]ere vague, general, or indefinite statements . . . should, as a general rule, put the

5

hearer upon inquiry, and there is no right to rely upon such statements." <u>Goldstein v. Miles</u>, 859 A.2d 313, 332 (Md. Ct. Spec. App. 2004) (internal quotation marks omitted).

Plaintiffs assert that the district court erred in concluding that they failed to adequately plead any of the four elements of fraud. We find Plaintiffs' arguments unpersuasive, in light of the district court's thorough treatment of the issue. Moreover, even assuming, without deciding, that the district court incorrectly determined that Plaintiffs failed to adequately plead scienter, we conclude that they failed to adequately allege the remaining elements of fraud, for the reasons stated by the district court. Therefore, the district court did not reversibly err in dismissing this claim.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6